**IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE**

**FILED**

**July 1, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

W. HUDSON CONNERY, JR., ET AL.,  )
                                )
      Plaintiffs/Appellants,        )      Appeal No.
                                )      01-A-01-9709-CH-00529
                                )
VS.                              )      Davidson Chancery
                                )      No. 95-3865-I
                                )
COLUMBIA/HCA HEALTHCARE     )
CORPORATION, ET AL.,         )
                                )
      Defendants/Appellees.     )

## CONCURRING OPINION

        I concur in Judge Todd's opinion affirming the grant of summary judgment to the defendants. I write separately simply to emphasize the following points:

        First, the bonus plan allowed the plaintiffs to purchase shares of the company at a price below the market price. When the plaintiffs left the company before the shares fully vested, they did not forfeit their investment; they simply lost the difference between what they had invested and the market value of the shares. The difference in the purchase price and the market value is what this controversy is about.

        Second, the plan gave the compensation committee the power to "waive any conditions for the lapse or termination of restrictions with respect to all or any portion of the Restricted Stock or Restricted Units." Sec. 8(b) of the 1990 Plan. When the committee issued the restricted stock in October of 1994 -- with the merger of the company with Columbia HCA Corporation pending -- it specifically pointed out that vesting would not accelerate in the event of a "change

in control," a condition that would have resulted in vesting under Sec. 18(h) of the plan.  Therefore, the restricted stock did not vest when the two companies merged.

Finally, I think the undisputed facts show that the plaintiffs voluntarily left the company.  Therefore, they could not take advantage of the provision that the restricted stock would fully vest upon termination without cause.

_____
BEN H. CANTRELL, JUDGE